**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ISAU LOPEZ-RECINOS, a.k.a. Gesu Lopez, a.k.a. Isau Lopez, a.k.a. Francisco Recinos, a.k.a. Francisco Resinos, <br><br> Petitioner, <br><br> v. <br><br> ERIC H. HOLDER, Jr., Attorney General, <br><br> Respondent. | No. 08-73940 <br><br> Agency No. A094-453-312 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 15, 2011[**]

Before:     CANBY, FERNANDEZ, and M. SMITH, Circuit Judges.

Isau Lopez-Recinos, a native and citizen of El Salvador, petitions for

review of the Board of Immigration Appeals' order dismissing his appeal from an

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

immigration judge's ("IJ") decision denying his application for cancellation of removal. We dismiss the petition for review.

We lack jurisdiction to review the agency's discretionary determination that Lopez-Recinos failed to show exceptional and extremely unusual hardship to a qualifying relative. *See Mendez-Castro v. Mukasey*, 552 F.3d 975, 978 (9th Cir. 2009).

Lopez-Recinos' contentions that the agency violated his due process rights by disregarding his evidence of hardship are not supported by the record and do not amount to colorable constitutional claims. *See id.* at 980; *see also Martinez-Rosas v. Gonzales*, 424 F.3d 926, 930 (9th Cir. 2005) ("[T]raditional abuse of discretion challenges recast as alleged due process violations do not constitute colorable constitutional claims that would invoke our jurisdiction.").

We lack jurisdiction to review Lopez-Recinos' unexhausted contentions that the IJ violated due process by prohibiting him from filing a Temporary Protective Status ("TPS") application and that the government erred by failing to advise him of his right to apply for a waiver of inadmissibility. *See Barron v. Ashcroft*, 358 F.3d 674, 678 (9th Cir. 2004).

We do not reach Lopez-Recinos' contentions regarding whether he merited

TPS because he did not file a TPS application before the IJ.

**PETITION FOR REVIEW DISMISSED.**